### HUNTER v. UNITED STATES.

#### (Circuit Court, S. D. New York. December 17, 1903.)

#### No. 3,145.

1. CUSTOMS DUTIES — CLASSIFICATION — MANUFACTURERS OF PAPER — FLAT ENVELOPES.

> Pieces of paper which have been cut into shapes ready to be made into envelopes, and which are known as "flat envelopes," are not dutiable as "paper envelopes, plain," under paragraph 399, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], but as "manufactures of paper, * * * not specially provided for," under paragraph 407 of said act, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

Appeal by the Importer from a Decision of the Board of United States General Appraisers.

On application of John Hunter, importer, to review the decision of the Board of General Appraisers (G. A. 4,768), which affirmed the assessment of duty by the collector of customs at the port of New York.

Following is the opinion of the Board:

FISCHER, General Appraiser. The merchandise was assessed for duty as a manufacture of paper at 35 per cent. ad valorem, under paragraph 407, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), and is claimed to be dutiable at 20 per cent. ad valorem, under paragraph 399, c. 11, § 1, Schedule M, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), or at the same rate, under section 7, c. 11, Act July 24, 1897, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), or at 25 per cent. ad valorem, under paragraph 402 of said act, c. 11, § 1, Schedule M, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1672). We find that the merchandise under protest consists of pieces of paper of a heavy Irish linen, which have been cut by machinery into certain shapes and sizes, preparatory to being made into envelopes by folding and gumming the edges. The importer's witness testified at the hearing of the case before the board that the merchandise is known as "flat envelopes," but have to be folded and gummed to make them the envelope of commerce, which clearly precludes the classification of such merchandise under paragraph 399, under which paragraph Congress provides eo nomine for "en-

velopes." As these are not identical with or similar to any article provided for in the tariff, the alternative claim under section 7 cannot be entertained.

In G. A. 4,590 the board held that certain hard-rubber moldings, about 4 inches in length, which, when divided in the center, were intended for use as mouthpieces for pipes, were not smokers' articles, but were manufactures of hard rubber, for the reason that they must undergo further process of manufacture before they would become a completed article. It was held by the Circuit Court of Appeals, Second Circuit, in Re Blumenthal, 4 C. C. A. 680, affirming (C. C.) 51 Fed. 76, that certain pearl disks, exactly corresponding to pearl buttons, except that they were not pierced with holes, or shanked through their centers, were not dutiable as pearl "buttons" under the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, § 1, Schedule N, par. 429, 26 Stat. 599), but as manufactures of mother-of-pearl. Though sometimes called buttons, it was held that they had "not been sufficiently advanced in manufacture" to become the buttons of everyday speech or of commerce.

We find that the articles in question have not been sufficiently advanced in manufacture to answer the purpose of an envelope, and that they are not such in fact, but that they are paper which has undergone the process of manufacture, and are therefore manufactures of paper, and as such dutiable under paragraph 407, as assessed.

We do not consider protestant's third alternative claim under paragraph 402, as "all other paper," applying, and overrule the protests on all grounds, affirming the decision of the collector.

W. Wickham Smith, for importer.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question was assessed for duty as a manufacture of paper at 35 per cent. ad valorem, under paragraph 407, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], and is claimed by the importer to be dutiable at 20 per cent. ad valorem, as "paper envelopes, plain," under paragraph 399 of said act, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]. The findings of the Board of General Appraisers are approved, and their decision sustaining the assessment of duty by the collector is affirmed on the authority of In re Blumenthal, 4 C. C. A. 680, affirming (C. C.) 51 Fed. 76.